RECEIVED
DEC 23 2013
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

FILED
DEC 23 2013
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

STEVEN MICHAEL BACKSTROM §
TDCJ-SID No. 165938 §
                    Petitioner, §
                                §
v.                              § Civil Action No. A-13-CA-037-LY
                                §
RICK THAYLER, Director, Texas   §
Department of Crim. Justice,    §
                    Respondent  §

SUPPLEMENT TO APPLICANT'S WRIT OF HABEAS CORPUS
(NEW EVIDENCE)

To the Honorable Judge of said court:

Comes now, Steven M. Backstrom, Applicant pro se and respectfully directs this court to the attached new evidence in support of his writ of habeas corpus.

On December 12, 2013, Applicant received, by way of mail, an affidavit by Ms. Susan Untermeyer outlining the facts as they relate to her involvement in Applicant's legal matter. Memo at 8(e), Traverse at 5, and Traverse Addendum at 2. See Exibit S1.

This affidavit outlines as well as confirms that the Applicant "had not touched" the Complaintant "in any way". This affidavit also confirms that the affiant would have testified at trial and that trial counsel was aware of the foregoing.

However, Applicant asks this court to bear in mind that he received the information of Untermeyer's involvement second-hand and reported to this court as he recalled the information. Unfortunately, some of what the Appellant reported to this court is erroneous.

Applicant reported that the illicit actions conducted by the affient were over ten (10) years old rendering her unimpeachable. This is simply not true; however, Applicant assures this court that he did not present this erroneous information intentionally and expresses his

1.

Applicant claimed that the illicit activities conducted by the Affient placed her outside the reach of impeachment due to the ten (10) year limit placed by law. As Applicant learned, Affient's crime-frame was only seven (7) years making her impeachable.

Applicant expresses his apology for submitting erroneous information while assuring the court it was inadvertent.

## PRAYER

Applicant prays this court will see the facts as they have been proven by way of overwhelming, clear and convincing evidence and competent legal authority of his factual innocence and grant him the requested relief.

## CERTIFICATE OF SERVICE

I, Steven M. Backstrom, swear under penalty of perjury that all of the facts herein are true and correct.

A copy of this Supplement has been forwarded to the States Attorney.

Signed this 14th day of December, 2013.

Respectfully Submitted,

Steven M. Backstrom 1657938
Clements Unit 7H-36t
9601 Spur 591
Amarillo, TX 79107

2.

# AFFIDAVIT

I, Susan Elizabeth Untermeyer, swear under oath that the following facts, events and/or statement are true and correct.

On or about the fall of 2008/2009 school year, while visiting the Burnet Middle School in Burnet, Tx 78611, I met with Della Skinner and the discussion went as follows:

I went to Burnet Middle School to get my son, Gage G Untermeyer, schoolwork and his band instrument because he had been sick. At the office one of the secretaries asked Della Skinner to walk with me to get his things. This is a standard procedure so that the school does not just have adults wandering the halls freely. Della and I had known each other from a karate class that her and my boys were in together. Mike Backstrom had been the instructor for that class. I started discussing Mike because I knew that she had accused him of assault; which seemed weird to me because to me Della and her mother Zelma Skinner had always talked very highly of Mike. Della told me that Mike had not touched her in any way. She told me that Mike had only tried to help her because her mother had been drinking too much and was getting verbally abusive. She also told me that is was Mike's son that she "liked".

A year or so later my boys were enrolling in another karate class given by Lori Halbert. I was in her office discussing rates and days of the class. When I told her that my boys had taken karate before; that their previous instructor's name was Mike Backstrom. She said she knew Mike and we started discussing his issue with Della. I told her that I didn't understand how he had gotten in trouble in Fredricksburg because I thought the charges had been dropped. She told me that the charges had not been dropped. I then told her of my conversation with Della the year before. She asked if I would be willing to give a statement to Mike's attorney; I told her that would be fine and that she could give the office my name and number and I would also follow up with them in a couple of days.

I do not remember exactly when I spoke with the atorney's office but I would say within a few weeks. I had called to follow up with whether or not the needed a statement from me. I spoke with a female legal assistance; I do not remember her name now. I told her about my conversation with Della at Burnet Middle School. She asked me the typical questions

1

about if I had committed any crimes, when and where and what was the outcome. I do not remember now if I was still on probation at the time I talked to her or if I had just been released. I explained to her in the begining of 2003 I had been arrested 4 times for prescription fraud. I had become addicted to Vicodin while taking it for my migraines and when my doctor had cut me off I found another way of obtaining it illegally. I explained to her that I had stolen a doctor's DEA number and had been calling in presciptions for my self and "false" names to pick it up in. I told her that I had been given 7 years probation and had to go through treatment. I had completed my treatment, had not relapsed and had not committed any other crimes while on probation. She explained that if I did testify that they would have to expose my record to the jurors and would I be ok with having that information out and would I be comfortable explaining what happened to me. At the time I had younger children and I was a little hesitant but I told her I would be able to testify. She also explained that they may not be able to use my testimony because the jury would find me unreliable because I had commited crimes myself and that not enough time had passed for me to re establish myself as trustworthy. I am not sure now whether at a later date I had actually spoke with Eddie Shell although when I think about it I think I did, but it is unclear in my memory now.

Signed this the 23rd day of November 2013.

SEUmtumeyer
1106 Louise St
Marble Falls, TX
78654

2

December 14, 2013

United States District Court
U.S. District Clerk's Office
200 West 8th Street
Austin, TX 78701

RE: CA No. A-13-CA-037-LY  (NEW EVIDENCE)

Dear District Clerk:
    Please find my Supplemental with exibit S.1, a Affidavit from Ms. Susan Untermeyer, supporting my factual innocence in the above referenced CA No..
    Thank you for your diligence in this matter.
    I have submitted several addendums and exibits, none of which this court has acknowledged receipt. Would you, at your earliest convienience, mail me a list of all of the documents you've received regarding the aforementioned CA No.? Thank you again.

Respectfully Submitted

Steven Backstrom 1657938
Clements Unit 7H-36b
9601 Spur 591
Amarillo, TX 79107

P.S. I submitted a copy of this Supplement, minus the exibit itself, to the State. I cannot make copies.

Clements ZH 36D
cell spl 591
Amarillo, TX 79107

Legal Mail

U.S. District Court
U.S. District Clerk
200 W. 8th St
Austin, TX 78701

RECEIVED
DEC 2 3 2013
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK